IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD GONZALES,

    Petitioner,               No. CIV S-06-2186 GEB DAD P

   vs.

D.K. SISTO, Warden, et al.,

    Respondents.        ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. By order filed October 13, 2006, petitioner was granted thirty days to submit the filing fee or an application to proceed in forma pauperis. The undersigned recently recommended that this action be dismissed due to petitioner's apparent failure to respond to the order. The Clerk of the Court has now amended the docket to reflect that the filing fee was paid on October 16, 2006. Good cause appearing, the pending findings and recommendations will be vacated.

        The district court must examine a habeas petition to determine whether the pleading complies with applicable rules and whether respondents should be required to file a response. Rules 2 & 4, Fed. R. Governing § 2254 Cases. The petition "must substantially follow" the form appended to the Federal Rules Governing § 2254 Cases or a form prescribed by a local district-court rule. Rule 2(d), Fed. R. Governing § 2254 Cases in the District Courts.

1

In the present case, petitioner is confined in California State Prison - Solano. He has submitted his petition on a form in which he alleges that the judgment of conviction under attack was entered in the Orange County Superior Court on October 26, 1988. On the first three pages of the form, petitioner appears to allege facts concerning the 1988 conviction. He alleges that he filed a state habeas petition in the Orange County Superior Court on an unspecified date and raised grounds that were the same as in his present petition. Petitioner alleges that the Orange County petition was denied on June 22, 2006, that a habeas petition filed in the California Court of Appeal for the Fourth Appellate District was denied on July 27, 2006, and that both petitions were appealed to the highest state court.

Petitioner has not alleged any grounds for relief on the form petition. In the space provided for his first ground for relief, petitioner entered "See attached petition for writ of habeas corpus and memorandum of points and authorities." In the space provided for supporting facts for his first ground for relief, petitioner entered "See attached." Attached to the six-page form are 271 pages of documents. The form petition contains references to two specific attachment pages and two specific exhibits but provides no other guidance in where to find petitioner's grounds for relief and supporting facts.

Petitioner's first attachment, a 23-page document titled "Petition," reveals that petitioner is attacking a 2006 parole denial. This document does not follow the standard form and does not constitute the petition required by Rule 2(d). The document contains an introduction, a jurisdictional statement, a description of the parties, a statement of facts, a one-page statement of contentions, and a prayer for relief. The statement of facts is an 18-page procedural history that does not present supporting facts linked to each of petitioner's grounds for relief, which appear to be the three contentions listed on page 27 of 277.

Petitioner's defective petition will be dismissed with leave to file an amended petition that complies with Rule 2(d) and this order. On the form petition, petitioner must allege that he is challenging a parole decision, identify the specific decision at issue, and provide details

concerning the date of the parole denial and all state proceedings, whether administrative or judicial, that followed the decision. On the form petition, petitioner must set forth all grounds for relief with a summary of supporting facts. While petitioner may refer to specific exhibits and specific pages of an attached memorandum of points and authorities, the references must be specific to each ground for relief. Petitioner may not refer generally to unspecified attachments. Petitioner may attach a memorandum of points and authorities, but the document cannot serve as a substitute for the information that must be set forth on the form. If additional space is required in order to provide information required on the standard form, petitioner may continue responses as needed on pages that follow the same format as the form and are clearly linked to the form by page number or question number.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 22, 2006 are vacated;

2. The petition for writ of habeas corpus filed on October 3, 2006, is dismissed with leave to amend;

3. Petitioner is granted thirty days from the date of this order to file an amended petition that complies with this order and Rule 2 of the Federal Rules Governing § 2254 Cases; the amended petition must include the word "Amended" in front of the word "Petition" and must bear the case number assigned to this action; and

4. The Clerk of the Court is directed to send petitioner a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; the Clerk shall remove the in forma pauperis application form and instructions from the habeas petition form.

DATED: December 6, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
gonz2186.vac+115